UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| KEVIN MICHAEL YERKES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:11-CR-00097-JRG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner Kevin Michael Yerkes' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Memorandum of Law in Support of Petition Seeking Leave to Supplement and/or Amend in Light of the Supreme Court Ruling in *Descamps v. United States* [Doc. 37], Mr. Yerkes' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Memorandum of Law in Support of *Johnson v. United States* [Doc. 39], Mr. Yerkes' Second Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Memorandum of Law in Support of *Johnson v. United States* [Doc. 40], Mr. Yerkes' Evaluation of Relief after *Johnson* Decision [Doc. 49], and the United States' Responses in Opposition [Docs. 43 & 58]. For the reasons herein, the Court will deny Mr. Yerkes' motions.

### I. BACKGROUND

In 2012, Mr. Yerkes pleaded guilty to a conspiracy to distribute and to possess with the intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846. [Plea Agreement, Doc. 13, at 1; J., Doc. 22, at 1]. During sentencing, the Court deemed Mr. Yerkes, based on prior convictions in Florida, to be a career offender under the advisory sentencing guidelines—

specifically USSG § 4B1.1,[1] *see* [PSR at 5 (applying the career-offender enhancement under USSG § 4B1.1); *see* Hr'g Tr., Doc. 28, at 3:7–16 (adopting the presentence investigation report without objection)]—and sentenced him to 170 months' imprisonment, [J. at 2]. Now, in multiple renewed petitions for relief under 28 U.S.C. § 2255,[2] Mr. Yerkes moves the Court to vacate, set aside, or correct his sentence, relying on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Descamps v. United States*, 570 U.S. 254 (2013) to challenge the Court's determination that he is a career offender.[3] According to Mr. Yerkes, the Court, by designating him as a career offender, imposed a sentence that is in violation of his constitutional rights. [Pet., Doc. 37, at 5; Second Am. Pet., Doc. 40, at 7].

## II. STANDARD OF REVIEW

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate and set aside a sentence if it concludes that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.* § 2255(b). To warrant relief for a denial or infringement of

---

[1] USSG § 4B1.1 increases a defendants offense level if the defendant is a "career offender." Under USSG § 4B1.1, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a).

[2] The Court denied Mr. Yerkes' original § 2255 petition in June 2013, [J. Order, Doc. 32, at 1], and in August 2014, Mr. Yerkes filed his second § 2255 petition [Doc. 37], which he followed with two amended petitions, [Am. Pets., Docs. 39 & 40]; *see* [Order, Doc. 53, at 1 (granting Mr. Yerkes' motions to amend)].

[3] Although Mr. Yerkes' motions are successive requests for relief under § 2255, the Court is not without jurisdiction to consider them under § 2255(h) because he raises claims, under *Johnson* and *Descamps*, that were not cognizable when the Court ruled on his original motion. *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007); *United States v. Waagner*, No. 1:02-cr-107, 1:16-cv-538, 2016 WL 2853563, at *1 (S.D. Ohio May 16, 2016). Also, the United States does not argue that Mr. Yerkes' second petition requires the Sixth Circuit's certification under § 2255(h).

2

a constitutional right, a petitioner has to establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To warrant relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 354 (1994); *see Grant v. United States*, 72 F. 3d 503, 505–06 (6th Cir. 1996).

In sum, "[a] prisoner seeking relief under § 2255 'must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quotation omitted). In support of one of these three bases for relief, a petitioner's allegations must consist of sufficient facts showing she is entitled to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972). "Generally, courts have held that 'conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255.'" *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2003) (quotation and citation omitted). And similarly, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to doc.no relief," she will not receive an evidentiary hearing. *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); *see Pough*, 442 F.3d at 964. The standard that governs collateral review under § 2255, as opposed to direct review on appeal, is significantly higher.

*United States v. Frady*, 456 U.S. 152, 162–66 (1982); *see Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" (quoting *Reed*, 512 U.S. at 354)). This is so because "[t]he reasons for narrowly limiting the grounds for collateral attack on final judgments are well known and basic to our adversary system." *Addonizio*, 442 U.S. at 184 (footnote omitted); *see Custis v. United States*, 511 U.S. 485, 497 (1994) ("'[I]nroads on the concept of finality tend to undermine confidence in the integrity of our procedures' and inevitably delay and impair the orderly administration of justice." (quotation omitted)); *Parke v. Raley*, 506 U.S. 20, 29 (1992) (referring to a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments" (quotation omitted)).

### III. ANALYSIS

Under the Armed Career Criminal Act ("ACCA"), Pub. L. No. 98-473, 98 Stat. 1801 *et seq.*, a defendant with a conviction for being a felon in possession of a firearm will receive an increased sentence if he is an armed career criminal—that is, someone who has committed at least three serious drug offenses or violent felonies. *Johnson*, 135 S. Ct. at 2555. In *Johnson*, the Supreme Court held that the ACCA's residual clause—which defined "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . . otherwise involves conduct that presents a serious potential risk of physical injury to another" *id.* at 2555–56 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)—is unconstitutionally vague, *id.* at 2563. Mr. Yerkes argues that the Supreme Court's decision in *Johnson* invalidates his sentence.

In addition, Mr. Yerkes relies on *Descamps* in arguing that the Court must vacate his sentence. In *Descamps*, the Supreme Court held that "sentencing courts," when determining whether a prior conviction constitutes a violent felony under the ACCA, "may not apply the

4

modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 570 U.S. at 258. Citing *Descamps*, Mr. Yerkes claims that this Court, in violation of his due process rights, erred in deciding that his prior convictions in Florida are violent felonies. [Pet. at 5].

### A. Mr. Yerkes' Claims under *Johnson* and *Descamps*

The Court begins by noting—as the United States does—that Mr. Yerkes' plea agreement provides that he "knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255," except to raise "claims of ineffective assistance of counsel or prosecutorial misconduct." [Plea Agreement at 6]. In this circuit, "[i]t is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quotation omitted). For a defendant's waiver to be valid, he must simply enter into it knowingly and voluntarily. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001).

Because Mr. Yerkes' claims under *Johnson* and *Descamps* are not claims of ineffective of counsel or prosecutorial misconduct, and because he does not challenge the validity of his waiver, his waiver bars those claims. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) ("[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." (citations omitted)); *see also Bolton v. United States*, No. 17–5196, 2017 WL 3630769, at *2 (6th Cir. Aug. 3, 2017) (determining that "[r]easonable jurists would not debate the district court's denial of [the petitioner's] *Johnson* claim" because it was "barred by the waiver contained in his plea agreement"); *Taylor v. United States*, No. 3:17-CV-263-TAV, 2019 WL 2396567, at *1 (E.D. Tenn. June 6, 2019) (concluding that the petitioner's waiver, which

5

stated that he waived his right to file a § 2255 motion except for "claims of ineffective assistance of counsel or prosecutorial misconduct," barred his claim under *Descamps*).

But even if Mr. Yerkes' plea agreement did not upend his *Johnson* claim, that claim still would fail on the merits. The United States rightly observes that the Court did not sentence Mr. Yerkes under the ACCA but under USSG 4B1.1, which means that *Johnson* cannot avail Mr. Yerkes. *See Johnson*, 135 S. Ct. at 2563 ("We hold that imposing an increased sentence under the residual clause of *the Armed Career Criminal Act* violates the Constitution's guarantee of due process." (emphasis added)). Although Mr. Yerkes argues that *Johnson* "does provide relief for [him] because the 'crime of violence' definition set forth in the career offender guideline, 4B1.2, is 'virtually identical' to the definition of 'violent felony' contained in the ACCA," [Second Am. Pet. at 3], the United States correctly asserts that the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017) forecloses Mr. Yerkes' argument, *see Beckles*, 137 S. Ct. at 895 ("[W]e hold that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness."); *Hurst v. United States*, No. 19-6136, 2020 WL 1685302, at *1 (6th Cir. Feb. 28, 2020) ("*Johnson* does not apply to the advisory sentencing guidelines."); *Phillips v. United States*, No. 4:04-cr-29-TRM-SKL-1, 4:16-cv-58-TRM, 2017 WL 1322166, at *4 (E.D. Tenn. Apr. 10, 2017) ("[T]he United States Sentencing Guidelines are 'not amenable to vagueness challenges.' As a result, the *Johnson* decision has no impact on the propriety of Petitioner's career offender designation under Section 4B1.1 of the United States Sentencing Guidelines." (footnote omitted) (quoting *Beckles*, 137 S. Ct. at 894)).

In addition, Mr. Yerkes' claim for relief under *Descamps* fails not only because the waiver in his plea agreement prohibits it but also because it is untimely. Section 2255's one-year statute of limitations states:

The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4). Relying strictly on a change in intervening law, Mr. Yerkes invokes § 2255(f)(3) in bringing his claim under *Descamps*. *See* [Pet. at 5 (moving the Court to vacate his sentence "in light of" *Descamps*)]; *see also Bohannon v. United States*, No. 13-1255, 2015 WL 6036614, at *2 (W.D. Tenn. Oct. 15, 2015) ("The Petition implicates subparagraph (3). Specifically, it is predicated on new rights set forth in the United States Supreme Court's June 20, 2013 decision in *Descamps*."); *see generally Taylor v. United States*, 518 F. App'x 348, 349 (6th Cir. 2013) (stating that "[a] district court . . . may sua sponte dismiss a motion as barred by the applicable one-year statute of limitations" (citing *United States v. McDonough*, 547 U.S. 198, 209–10 (2006))).

The Supreme Court decided *Descamps* on June 20, 2013, but Mr. Yerkes filed his claim over a year from that date, on August 18, 2014. Mr. Yerkes' claim is therefore untimely, and he

7

does not argue that he is entitled to equitable tolling. Even if Mr. Yerkes' claim were timely, it still would not satisfy § 2255(f)(3)'s requirements because, in *Descamps*, the Supreme Court did not announce a new rule of constitutional law retroactively applicable to cases on collateral review. *See United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) ("The Supreme Court in *Descamps* explained that it was not announcing a new rule, but was simply reaffirming the *Taylor/Shepard* approach, which some courts had misconstrued." (citing *Descamps*, 570 U.S. at 260)); *see also Goins v. United States*, No. 16-6826, 2017 WL 6546952, at *1 (6th Cir. June 26, 2017) ("[T]he holdings in *Mathis* and *Descamps* are not new rules of constitutional law that the Supreme Court has made retroactive to cases on collateral review." (citations omitted)). Section 2255(f)(3) therefore bars Mr. Yerkes' claim.

But in any case, Mr. Yerkes' claim for relief under *Descamps*—like his *Johnson* claim—also fails on the merits, for the reasons that the United States raises in its response. *See* [United States' First Resp., Doc. 43, at 5 (arguing that "alleged errors in the application of the advisory Guidelines" are "non-cognizable" under § 2255)]; *see also Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018) ("[The defendant] alleges that an intervening change in the law rendered his career offender designation erroneous. [He] does not allege that he is innocent of the charged offense or the underlying predicate offenses. He does not rely on any constitutionally prohibited factors. [He] was sentenced under an advisory guidelines scheme, and the district court applied the 18 U.S.C. § 3553(a) factors at sentencing. Although the career designation may have affected the ultimate sentence imposed, 'it did not affect the lawfulness of the [sentence] itself—then or now.' Therefore. . . [the defendant] is not entitled to § 2255 relief." (quoting *United States v. Addonizio*, 442 U.S. 178, 187 (1979))); *Grant*, 72 F.3d at 506 ("[N]onconstitutional errors, such as mistakes in the application of the sentencing guidelines . . . . ordinarily are not cognizable on

8

collateral review"). Mr. Yerkes therefore fails to satisfy his burden of demonstrating that he suffered an error of constitutional magnitude entitling him to the extraordinary remedy of § 2255 relief.

### B. Certificate of Appealability

Lastly, the Court must determine whether to issue a certificate of appealability, which is necessary for Mr. Yerkes to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing when a court has rejected a petitioner's constitutional claim on the merits, that petitioner must demonstrate that reasonable jurists would find the court's assessment of those claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having considered the merits of Mr. Yerkes' claims, in which he alleges that his sentence violates the Constitution, the Court does not conclude that reasonable jurists would find its rejection of his claims debatable or wrong. The Court will therefore decline to issue a certificate of appealability to Mr. Yerkes.

### IV. CONCLUSION

As the petitioner under § 2255, Mr. Yerkes fails to meet his burden of establishing that his conviction and sentence were in violation of the Constitution, or that a fundamental defect resulted in either a complete miscarriage of justice or an egregious error. Mr. Yerkes' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Memorandum of Law in Support of Petition Seeking Leave to Supplement and/or Amend in Light of the Supreme Court Ruling in *Descamps v. United States* [Doc. 37], Mr. Yerkes' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Memorandum of Law in Support of *Johnson v. United States* [Doc. 39], and Mr. Yerkes' Second Motion to Vacate, Set Aside, or

Correct Sentence Pursuant to 28 U.S.C. § 2255 and Memorandum of Law in Support of *Johnson v. United States* [Doc. 40] are **DENIED**. This case is hereby **DISMISSED with prejudice**. The Court will enter an order consistent with this opinion.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE